WILLIAM T. FLEMING *vs.* ANAWOMSCOTT MILLS.

PROVIDENCE—SEPTEMBER 22, 1900.

PRESENT: Stiness, C. J., Tillinghast and Blodgett, JJ.

(1) *Negligence.  New Trial.*

Plaintiff, riding a bicycle, was run into by defendant's team after dark on a public highway sixty feet wide. Plaintiff was on the extreme right-hand side of the road. The horse had shied at electric cars shortly before reaching the place of the accident, and was going at the rate of twelve to fifteen miles an hour. When opposite the plaintiff he shied again for the same cause, and ran into the plaintiff. There was evidence that the driver did not have the team under proper control and that the horse was a green one and that both the driver and the defendant had knowledge of his shying at electric cars :—

*Held*, upon the above record, that it was competent for the jury to find that the defendant was not in the exercise of due care.

(2) *Pleading and Practice.  Evidence.*

Under a count charging the defendant with carelessly and improperly driving and controlling a horse, evidence relating to the character of the horse is relevant, as bearing upon the question of the defendant's negligence or exercise of due care.

TRESPASS ON THE CASE for negligence. The facts are stated in the opinion. The gravamen of the declaration was as follows: "And it was the duty of the defendant then and there by its said agent or servant to use due care in driving, controlling, and managing its vehicle and horse so as not to collide with and run against the plaintiff, then and there riding said bicycle along said highway. Yet the said defendant did not observe its duty, but, on the contrary, so carelessly and improperly drove, governed, managed, and directed said horse and vehicle by its said agent or servant that by and through the carelessness, negligence, and improper conduct of the defendant the said horse and vehicle of the defendant ran against the plaintiff," etc. The defendant objected to the introduction of any testimony as to the character of the horse under the above count. Heard on petition of defendant for new trial. New trial denied.

PER CURIAM. The evidence shows that the plaintiff was run into by the defendant's team on a public highway in the

town of East Providence on the evening of September 4th, 1899, and seriously injured, and that the plaintiff was free from contributory negligence at the time. He was riding on his bicycle and was on the extreme right-hand side of the road, which, at the place where the accident happened, was about sixty feet wide.

(1)    It appears that the defendant's horse had shied at some lighted electric cars shortly before reaching the place of the accident, and was going at an unusual rate of speed when he reached a point opposite the plaintiff, and that he then shied at two other lighted electric cars which were standing on the switch, and ran into the plaintiff. There is evidence that the driver of the team did not have it under proper control at the time; and we think it was competent for the jury to find that he was not in the exercise of due care in this regard. He was going, according to his own testimony, at the rate of from twelve to fifteen miles an hour, on a country road, after dark; and there is evidence that the horse was a green one and had previously shied at electric cars to the knowledge both of the driver and the defendant.

In view of these facts we cannot say that it clearly appears that the jury were not warranted in finding that the defendant was responsible for the injury which the plaintiff suffered. The case is rather a close one, but after carefully considering all of the evidence we do not feel that we can properly disturb the verdict of the jury.

(2)    The point taken by defendant, that the plaintiff could not be permitted to prove that the horse was a green one and had previously shied at electric cars because the declaration contained no allegation to that effect, is untenable. The character of the horse, as ruled by the presiding justice, had a direct bearing upon the question of the defendant's negligence. That is to say: if the horse was an old and gentle one, well accustomed to the electric cars and never having shown any restiveness when passing them, a less degree of care would be required of the driver than when driving a green or fresh horse which had previously shied when passing such objects. For what is reasonable or due care de-

pends, in every case, on the subject-matter to which the care is to be applied and the circumstances attending that subject-matter at the time when care is required. *Sullivan* v. *Scripture*, 3 Allen, 564.

Petition for new trial denied, and case remitted to Common Pleas Division for judgment.

*Page & Page and Cushing*, for plaintiff.

*Vincent & Rice*, for defendant.